UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

JAN 5 2026 PM1:08
FILED - USDC - FLMD - TPA

Kamara Mikel,

Plaintiff,

v.                                                    Case No.: 8:26-cv-00015-WFJ-SPF

Boy Scouts of America, et al.,

Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kamara Mikel ("Plaintiff"), proceeding pro se, brings this action against

Defendants Boy Scouts of America and the Greater Tampa Bay Area Council, Boy Scouts of

America ("Defendants"), and alleges as follows:

## PARTIES

1. Plaintiff Kamara Mikel is an adult African American woman who, at all relevant times,
   was over the age of forty (40). Plaintiff is a resident of the State of Florida and was
   employed by Defendants within the Middle District of Florida.

2. Defendant Boy Scouts of America ("BSA") is a national organization with its principal
   place of business in Irving, Texas, and at all relevant times exercised authority, control,
   and oversight over local councils, including employment policies and practices.

3. Defendant Greater Tampa Bay Area Council, Boy Scouts of America ("Tampa Council")
   is a local council operating within Hillsborough County, Florida and acted as Plaintiff's
   direct employer. At all relevant times, Defendants acted jointly and as agents of one
   another.

1


IFP

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices complained of occurred in this District and Plaintiff was employed in this District.

**FACTUAL ALLEGATIONS**

6. Plaintiff began her employment with Defendants in or about July 2021.

7. Plaintiff held the position of District Executive and performed duties related to fundraising, community engagement, and program development.

8. Throughout her employment, Plaintiff performed the duties of her position and was not subject to disciplinary action or performance-based corrective measures prior to the adverse employment actions described herein.

9. During her employment, Plaintiff was subjected to racially discriminatory treatment, including humiliation, hostile conduct, and disparate treatment by coworkers and management.

10. Plaintiff reported discriminatory and hostile conduct to management and human resources.

11. After engaging in protected activity, Plaintiff experienced retaliation, including the removal of supervisory responsibilities, exclusion from her department, and adverse changes to the terms and conditions of her employment.

2

12. Plaintiff was treated less favorably than similarly situated white and younger employees who were not subjected to the same adverse actions.

13. On or about July 21, 2025, Defendants terminated Plaintiff's employment without prior warning, progressive discipline, or performance improvement plan.

14. Defendants falsely represented to others that Plaintiff abandoned her position and refused severance, causing damage to Plaintiff's professional reputation.

15. Defendants' actions were intentional, discriminatory, retaliatory, and in violation of federal and state law.

## COUNT I – RACE AND COLOR DISCRIMINATION (TITLE VII)

16. Plaintiff realleges paragraphs 1–15.

17. Defendants discriminated against Plaintiff on the basis of race and color in violation of Title VII.

## COUNT II – RETALIATION (TITLE VII)

18. Plaintiff realleges paragraphs 1–15.

19. Defendants retaliated against Plaintiff for engaging in protected activity.

## COUNT III – AGE DISCRIMINATION (ADEA)

20. Plaintiff realleges paragraphs 1–15.

21. Defendants discriminated against Plaintiff on the basis of age in violation of the ADEA.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Plaintiff requests that this Court award all appropriate relief, including compensatory

damages, back pay, front pay, punitive damages where permitted, costs, and such other relief as

the Court deems just and proper.

DATED: January 2, 2026

Respectfully submitted,

Kamara Mikel
Plaintiff, Pro Se
P. O. Box 270395, Tampa, FL 33688
Phone: 727-430-4119
Email: KamaraMikel1@gmail.com